[Civ. No. 12600.   First Dist., Div. Two.   May 4, 1944.]

JOHN G. HOLLIN, Respondent, v. GROVER C. ELAM et al., Appellants.

Rowland R. King and Herbert Chamberlin for Appellants.

Roland Becsey and Russell W. Cantrell for Respondent.

NOURSE, P. J.—Plaintiff and defendants entered into a written agreement whereby defendants employed plaintiff as a salesman in their exporting and importing business between

the United States, the Philippine Islands, the Orient, and the Far East, for a period of one year beginning May 1, 1940. Plaintiff was to receive monthly a salary of $100, and was allowed a drawing account of $100 each month. He was also to receive 50 per cent of the net profits from business developed by him. In a suit for an accounting the trial court entered judgment for plaintiff. An account prepared by defendants in the action in the trial court was stipulated as being correct except for certain disputed items. Defendants on this appeal contend that the evidence will not support a verdict for the plaintiff on any of the disputed matters.

█ As to the compensation to be paid plaintiff the contract provided: ''Second Party is to receive a salary of One Hundred ($100.00) Dollars per month and a drawing account in the sum of One Hundred ($100.00) Dollars per month payable semimonthly on the 15th day and the last day of each and every month during the continuation of the within agreement. Second Party is to receive an *additional salary* from First Party fifty per cent (50%) of all of the net profits, *less drawing account payments,* . . . the words 'net profit' as used herein are hereby defined to include all of the aforesaid gross profits *less the following expenses* in connection with said business, to wit: cables, long distance phone calls, travelling expenses, *and salary; there is to be deducted from any net profits* due from said First Party to Second Party all moneys received by said Second Party from said First Party *as a drawing account.* . . .'' (Italics ours.) Defendants in accounting had deducted from the gross profits the monthly salary paid plaintiff. The trial court, on the theory that the contract was ambiguous, and over the objection of defendants, permitted plaintiff to testify to the pre-contracting conversations from which he drew his conclusion that his salary was not to be deducted from gross profits. The admission of this testimony is claimed by defendants to have been erroneous under the parol evidence rule. Plaintiff contends that the testimony did not alter the terms of the contract, but was merely explanatory of certain preliminary conversations and the circumstances under which the contract was made. The objection was entered after the witness had testified, but even if the objection were not made within time, the testimony does not support the contention of plaintiff. The contract is plain and unambiguous. The language left no room for an ''explanation.'' Plaintiff's statement that the salary was not to be

chargeable to sales was in direct conflict with the terms of the written contract. The parties went to extreme care to define in their contract their meaning of the term "net profits." They expressly provided that the "salary" paid to the plaintiff should be deducted from the gross profits in computing net profits, and to make it clear and beyond dispute provided that the moneys received by plaintiff "as a drawing account" should be deducted from the net profits. Hence, there should have been deducted from the gross profits the monthly salary paid to plaintiff.

The item of $1,086.71 was paid for warehousing steel pending its shipment to a buyer in the Orient. Plaintiff testified that the charges were unnecessary and that defendants had promised to absorb the charge. As to the latter he was corroborated by another witness. Defendants contend that the charges were a necessary expense, caused by an honest mistake in judgment and they denied assuming the charge. We must assume that the trial court accepted the evidence offered by plaintiff, and this was sufficient to support the conclusion that this item should not be charged to the plaintiff. But the parties are not agreed whether the final account as approved by the trial court credits plaintiff with the correct amount and this should be disposed of in another hearing.

The items of $328.10 and $161.69 are not supported by any competent evidence. The parties agreed that the first item was covered by other entries in the account offered by defendants and accepted by plaintiff. The second item represents a commission allowed plaintiff for a sale made by defendants to Nicaragua. The contract of agency covered business transacted by the plaintiff in "the Philippine Islands, the Orient, and the Far East." The plaintiff had negotiated a sale of a quantity of steel to be shipped to a customer in the Orient. The British Shipping Commission refused to grant a permit for its shipment. The defendants, without the aid of plaintiff, sold a portion of the goods to a customer in Nicaragua. This sale was not within the terms of the contract of agency. Hence there is no basis upon which the plaintiff can claim a commission upon this sale under that contract.

The judgment is reversed.

Sturtevant, J., and Spence, J., concurred.